**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

(1) MICHAEL DELANEY         )
                                 )
        Plaintiff,          )
                                 )      Case No. 21-CV-544-GAG-SH
vs.                          )
                                 )
(1) CITY OF TULSA, OKLAHOMA, )
(2) AARON RUSSELL,          )
                                 )
        Defendants.        )

**PLAINTIFF'S BRIEF REGARDING
PREVIOUS LAWSUITS AGAINST THE CITY OF TULSA**

COMES NOW, the Plaintiff, Michael Delaney, and, pursuant to the Court's February 11, 2025 Order (Dkt. #86), provides the following brief regarding previous lawsuits against the City of Tulsa as follows:

1.      On August 27, 2024, Defendant City of Tulsa filed its Motion *in Limine*. *See* Dkt. #68. Item No. 3 in Defendant City's Motion *in Limine* sought an Order precluding any party or witness from "directly or indirectly referring to, inquiring about, introducing, arguing about, or mentioning in any way, any other lawsuits or claims against the City unrelated to Plaintiff Delaney or the claims he has presented in this lawsuit." *Id.* at 5.

2.      On October 1, 2024, Plaintiff filed his Response in Opposition to Defendant City's Motions *in Limine*. *See* Dkt. #79. In the Response, Plaintiff argued 1) generally, previous incidents and/or lawsuits against a municipality are used to prove the existence of a municipal policy or custom for the purposes of establishing a plaintiff's *Monell* claim; 2) Plaintiff may offer evidence of other incidents and/or lawsuits against the City at trial that demonstrate the City's unconstitutional policies, customs, or practices; and 3) the City's Motion *in Limine* to this point was far too broad and vague to warrant a blanket exclusion of this kind of evidence prior to trial. *See id.* at 3-4.

3.      On February 11, 2025, this Court denied Defendants' Motions for Summary Judgment. *See* Dkt. #86. In the Order, the Court also denied the City's Motion *in Limine* No. 3 without prejudice, and ordered Plaintiff to file "a brief list explaining, specifically, the lawsuits he would like to address at trial, their relevance, and the legal bases for admitting the lawsuits as evidence." *Id.* at 12.

4.      Upon further review, Plaintiff does not intend to offer evidence at trial of previous lawsuits against the City of Tulsa for the purpose of establishing Plaintiff's *Monell* claim. The reasons are twofold. First, in denying the City's Motion for Summary Judgment, this Court found, held, and reasoned that a reasonable juror could find that the City failed to adequately train its officers, including Defendant Russell, on how to properly conduct vehicle extractions. *See* Dkt. #86 at 9-10. The Court specifically noted that although Plaintiff did "not establish Defendant Tulsa's notice by pointing to a pattern of similar misconduct, he does so by reference to his constitutional injury which, he contends, is 'highly predictable or plainly obvious consequence of a municipality's action or inaction.'" *Id.* (quoting *Hinkle v. Beckham Cnty. Bd. of Cnty. Com'rs,* 962 F.3d 1204, 1241 (10th Cir. 2020) (quoting *Waller v. City & Cnty of Denver,* 932 F.3d 1277, 1284 (10th Cir. 2019)). Indeed, it is well established that a single-incident failure-to-train municipal liability theory is viable "in a narrow range of circumstances[ ] [where] a violation of federal rights may be a highly predictable consequence of a failure to equip … officers with specific tools to handle recurring situations." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 409 (1997). The Tenth Circuit has "determined that summary judgment was not appropriate in several single-incident failure-to-train cases." *Valdez v. Macdonald,* 66 F.4th 796, 816 (10th Cir. 2023) (citing *Allen v. Muskogee,* 119 F.3d 837, 843-45 (10th Cir. 1997); *Olsen v. Layton Hills Mall,* 312 F.3d 1304 (10th Cir. 2002); and *Lance v. Morris,* 985 F.3d 787, 800 (10th Cir. 2021)).

5.     Second, Plaintiff does not have the witnesses and exhibits necessary to fully establish a pattern of previous similar incidents/lawsuits on his pretrial disclosures. Thus, at trial, Plaintiff's *Monell* claim will be premised upon a failure to train, and Plaintiff will not seek to admit evidence or testimony regarding previous lawsuits against the City of Tulsa.

Respectfully submitted,

**SMOLEN & ROYTMAN**

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhelm@ssrok.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

/s/Robert M. Blakemore